**STATE of Utah, Plaintiff and Respondent,**

v.

**Daniel L. PECK, Defendant and Appellant.**

**No. 14137.**

Supreme Court of Utah.

Nov. 14, 1975.

S. Rex Lewis, of Howard, Lewis & Petersen, Provo, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendant appeals from his conviction of the crime of aggravated assault, a felony under our law. This charge, like most others under the new code, cannot be found in just one section of the statute. The charge in the information is found under two sections.

Section 76–5–103 [1] provides:

(1) A person commits aggravated assault if he commits assault as defined in section 76–5–102 and:

(a) He intentionally causes serious bodily injury to another; . . .

\*  \*  \*  \*  \*  \*

Section 76–5–102 [2] provides:

(1) Assault is:

(a) An attempt, with unlawful force or violence, to do bodily injury to another; . . .

\*  \*  \*  \*  \*  \*

The facts as testified to by a disinterested witness show that the defendant's brother was engaged in a fight with one of two adversaries. As he was winning the fight with one adversary, the other entered the fray, and soon both adversaries had the brother down. The brother was saying that he had had enough. He was lying on his stomach with his face down between his arms. One of his opponents had him by the hair trying to lift his head so that the other could administer more punishment to his face.

The appellant, a much smaller fellow, grabbed a metal object used as a combination jack handle and tool to remove the wheels of an MG midget automobile. It weighed about two pounds. He ran over to where the two men had his brother down and struck one of them with the metal object and then swung it around and hit the other man, knocking one eye out of the socket.

1. U.C.A.1953, Vol. 8 (1975 Pocket Supplement).

2. Ibid.

The appellant makes two assignments of error:

1. The court failed to instruct on the lesser included offense of simple assault; and

2. The court would not permit the defendant to testify as to his state of mind just prior to and at the time he interfered in the fight, such testimony being essential to his plea of defense of a third party.

The defendant testified that the second blow was accidental and not intentionally made in that he was being charged from behind and whirled around with the tool in his hand and thereby struck the man in the face.

By Instruction No. 5 the court told the jury that the elements of the crime charged in the information were:

1. That the defendant made an assault upon the person of Gary Ewell.

2. That such assault, if any, was made with a deadly weapon in the hand of the defendant.

\*    \*    \*    \*    \*    \*

. . . [I]f the evidence does prove to your satisfaction beyond a reasonable doubt each and all of the essential elements set forth above, then the defendant is guilty of the crime charged.

By Instruction No. 6 the court told the jury:

A person commits assault if he intentinally or knowingly causes bodily injury to another or he recklessly causes serious bodily injury to another.

A person commits aggravated assault if he commits assault as defined above and he causes serious bodily injury to another or he uses a deadly weapon.

\*    \*    \*    \*    \*    \*

The charge laid against the appellant was that he knowingly and intentionally caused serious bodily injury to another— not that he used a deadly weapon.

The second paragraph of Instruction No. 6 above omits to state that in addition to the assault, the defendant must *intentionally* cause serious harm to the victim.

It would seem that the court's instruction would have permitted a verdict of simple assault had the jury believed the defendant's testimony regarding the manner in which the harm was done by the second blow. However, the court refused to submit a verdict of simple assault for consideration by the jury.

The trial court refused to permit the defendant to tell the jury what his apprehensions were about his brother's situation when the two men were trying to lift his head from between his two arms.

What the defendant believed and whether in view of all the surrounding circumstances that belief was reasonable were facts for the jury to decide. By his refusal to allow the defendant to testify on that matter, the court in effect told the jury that if the defendant believed one assailant was lifting the brother's head up so that the other could kick him in the face, that belief would not be a reasonable one. That would be denying the jury the right to pass upon a factual situation which might have a bearing on the verdict rendered.

For the reasons discussed above, we are of the opinion that the court committed prejudicial error, and so we reverse the judgment and remand the case for a new trial. No costs awarded.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.